IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Danny Ray Gainey, ) | |
| ) | Civil Action No. 6:11-1247 |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Nurse R. Kelly, Nurse Nancy Hiest, ) | |
| and Nurse Dawn Colman, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the plaintiff's motion for temporary restraining order ("TRO"). The plaintiff, who is proceeding *pro se*, is a detainee at the Florence County Detention Center. He alleges deliberate indifference to his serious medical needs and names as defendants several nurses at the detention center.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

To obtain a preliminary injunction, the plaintiff must demonstrate: "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter v. Natural Resources Defense Council., Inc.*, 129 S.Ct. 365, 374 (2008); *see Scott v. Padula*, C.A. No. 0:08-3240-HFF-PJG, 2009 WL 2579464, at *1 (D.S.C. August 18, 2009) (applying *Winter* standard and noting that the *Blackwelder Furniture Co. v. Seling Mfg. Co.*, 550 F.2d 189 (4th Cir.1977) balance-of-hardship test no longer applies). *See Neiswender v. Bank of America*, No. 09-2595, 2009 WL 1834406, at *1 (N.D. Cal. June 23, 2009) ("A request for a temporary restraining order is governed by the same general standards that govern the issuance of a preliminary injunction.").

In his motion, the plaintiff asks that the court order that he cannot "be placed in max" in retaliation for filing the instant lawsuit. He further states, "[M]aybe I need to be transferred before something happens to me!" (pl. m. for TRO at 1). The basis for his motion is that one of the defendant nurses told other nurses that the plaintiff was a "crybaby" (*id.*). The plaintiff has failed to establish any of the required elements for issuance of a TRO.

Based upon the foregoing, the motion for TRO (doc. 14) should be denied.

IT IS SO RECOMMENDED.

                              s/Kevin F. McDonald
                              United States Magistrate Judge

June 17, 2011
Greenville, South Carolina