IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Danny Ray Gainey, | ) |
| Plaintiff, | ) Civil Action No. 6:11-1247-TLW-KFM |
| vs. | ) **REPORT OF MAGISTRATE JUDGE** |
| Nurse R. Kelly, et al., | ) |
| Defendants. | ) |

The plaintiff, appearing *pro se*, brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. The plaintiff, who was a detainee at the Florence County Detention Center at the time he filed his complaint, contends that he was denied medical treatment.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

On December 15, 2011, the defendants filed a motion for summary judgment. By order of this court that same day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. The plaintiff's response was due on or before January 20, 2012. The *Roseboro* order was returned undeliverable with the notation "RELEASED" on the envelope. Subsequently, the plaintiff filed a letter with his new address, and the *Roseboro* order was mailed again to the new address he provided. On

January 3, 2012, the order was again returned as undeliverable with the notation "NO LONGER AT ADDRESS" on the envelope. The plaintiff did not file a response.

The court filed a second order on January 30, 2012, giving the plaintiff through February 21, 2012, to file his response to the motion for summary judgment. The plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. This order was also returned to the court as undeliverable on February 8, 2012, with the notation "NO LONGER AT ADDRESS" marked on the envelope. The plaintiff did not file a response.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

In the present case, the plaintiff was ordered to keep the court advised of any address change (doc. 16). He has not done so. It is solely through the plaintiff's neglect that no response has been filed. Meanwhile, the defendant is left to wonder when the action will be resolved. The plaintiff has not responded to the defendant's motion for summary judgment or the court's orders requiring him to respond. Accordingly, the

2

undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). *See Ballard*, 882 F.2d at 95.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

February 22, 2012
Greenville, South Carolina